OPINION
Defendant-appellant, Sean Donnelly, pled guilty to four counts of gross sexual imposition involving a minor under the age of thirteen, in violation of R.C. 2907.05(A)(4).[1]
Appellant appeals his sentence of four years of incarceration and his classification as a sexual predator. We affirm the decision of the trial court.
On July 23, 1997, appellant was indicted on ten counts of gross sexual imposition. On September 14, 1997, the prosecutor submitted a bill of particulars which described how appellant became sexually aroused while bathing his son, age two and then three. Appellant, while his penis was erect, would "fondle his son's genital organ. The defendant admitted doing so approximately twenty times during this period of time." In a February 25, 1998 entry, appellant pled no contest to four counts of gross sexual imposition and was found guilty in a March 2, 1998 judgment entry. On February 26, 1998, appellant received notice of a sexual predator classification hearing. On April 14, 1998, a sentencing hearing and a sexual predator classification hearing occurred. After the hearing, the trial court sentenced appellant to four years of incarceration and classified appellant as a sexual predator. Appellant filed a timely notice of appeal and presents two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DETERMINING APPELLANT TO BE A "SEXUAL PREDATOR" PURSUANT TO R.C. 2950.09.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PERIOD OF INCARCERATION.
In the first assignment of error, appellant argues that the trial court erred by classifying him as a sexual predator. The term "sexual predator" is codified in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses." A determination that an offender is a sexual predator must be made by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence means "that measure of degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 3-4, affirmed (1998),84 Ohio St.3d 19, citing Cross v. Ledford (1954), 161 Ohio St. 469,477.
Gross sexual imposition is a sexually oriented offense. R.C.2950.01(D)(1). Therefore, the only issue is whether appellant "is likely to engage in the future in one or more sexually oriented offenses" and is, therefore, a sexual predator. In evaluating whether an offender is a sexual predator, the trial court:
shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Appellant conceded that he fondled his young son's "genital organ" on approximately twenty occasions. Gina Donnelly, appellant's ex-wife, testified that appellant had an "obsession" with her twelve-year-old sister. Gina Donnelly explained that "[a]t times [appellant] would put his arms around her. We went to the mall one day, and it was almost like [appellant] and my sister were dating." Gina Donnelly also testified that appellant touched the "legs on the thighs" of her niece, who was four or five years old. Julie Frey, a probation officer who assisted in the preparation of the presentence report, testified that appellant admitted to his therapist "that he had become sexually aroused at various times when he would watch children, especially at the swimming pool." Tara Engle, appellant's sister, testified that she generally trusts appellant with her children, but conceded that appellant cannot "be left alone with children when they are not clothed."
Dennis Donnelly, appellant's father, testified that appellant was learning disabled and borderline mentally retarded. Dennis Donnelly testified that appellant was sexually abused by his grade school principal from "second or third grade up until seventh or eighth grade." He further testified that "[t]he psychologists we talked to have said that his abuse predisposed him to his abusive behavior."
Appellant underwent therapy for his sexual attraction to children in 1993, which was discontinued because appellant's insurance coverage ended. Appellant is currently undergoing therapy for his condition.
The record demonstrates a tragic pattern of sexually abusive behavior by appellant toward children. We recognize that some of appellant's behavior may be rooted in his own victimization as a child. Unfortunately, appellant's pattern of behavior suggests that appellant, whether caused by a psychological compulsion or otherwise, is likely to reoffend. R.C. 2950.09(B)(2)(h). The age of the victim, appellant's two to three-year-old son, is also a significant factor to consider. R.C. 2950.09(B)(2)(c). We agree with the trial court that clear and convincing evidence exists that appellant is likely to engage in future sexually-oriented offenses. classification as a sexual predator supports the remedial goal the sexual predator statute, to protect "members of the public sexual predators." R.C. 2950.02(A)(2). We also find the trial court properly considered and weighed the relevant factors to this case. R.C. 2950.09(B)(2). Accordingly, the first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred by imposing a sentence of incarceration. Appellant was found guilty of four counts of gross sexual imposition of a minor under the age of thirteen, each count representing a felony of the third degree. Under the new Senate Bill 2 sentencing procedures for felonies, appellant received the minimum four year sentence out of a possible twenty year maximum penalty. R.C. 2929.14(A)(3).
We initially note that "an appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law." State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported, at 2, citing R.C.2953.08(G)(1)(a) and (d). Pursuant to R.C. 2929.12, the sentencing court shall consider any relevant factor which demonstrates "the offender's conduct is more serious than conduct normally constituting the offense."
In this case, the age of the victim indisputably led to increased mental injury and psychological harm. R.C. 2929.12(B)(1) and (2). Moreover, appellant's relationship as the victim's father clearly facilitated the offense. R.C. 2929.12(B)(6).
There is some evidence in the record to mitigate appellant's conduct. See R.C. 2929.12(C). Appellant was apparently a childhood victim of sexual abuse, did not have a criminal record and is undergoing counseling. Nevertheless, appellant could not have reasonably expected not to cause psychological harm to the victim and we find that a relevant factor for the trial court to consider. In addition, pursuant to R.C. 2929.12(E)(4), the trial court could reasonably conclude a similar offense is likely to reoccur.
After the trial court elected to sentence appellant to prison, the sentence imposed was the minimum allowed for each of the four counts. We find that the trial court was within the sentencing guidelines by concluding that appellant's sentence serves the purposes of punishment as well as the protection of the public from future crime. See R.C. 2929.11(A). Accordingly, the second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2907.05(A)(4) states that "[n]o person shall have sexual contact with another * * * when any of the following applies: The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."